FILED

FEB 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50458 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-01172-DDP-30 |
| v. | |
| LEONARDO MELGAREJO, AKA Largo, AKA Stranger, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted January 6, 2014
Pasadena, California

Before: KOZINSKI, Chief Judge, and REINHARDT and CLIFTON, Circuit
Judges.

Leonardo Melgarejo pleaded guilty to conspiring to participate in a racketeer

influenced and corrupt organization ("RICO") in violation of 18 U.S.C. § 1962(d),

and was sentenced to 262 months' imprisonment. He appeals his sentence on a

_____

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

number of grounds, none of which he raised below. We review all of his claims for plain error, except his claim that his sentence is substantively unreasonable, which we review for abuse of discretion. *See United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. Under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *United States v. Booker*, 543 U.S. 220, 244 (2005). RICO violations are punishable by a maximum of 20 years' imprisonment unless the violation is based on a racketeering activity for which the maximum penalty is life, in which case life is the maximum penalty. *See* 18 U.S.C. § 1963(a). Melgarejo's RICO conspiracy conviction was based on an activity with a maximum sentence of life: conspiring to distribute over 280 grams of cocaine. *See* 21 U.S.C. § 841(b)(1)(A). Because Melgarejo admitted that he was guilty of this offense, his 262 month sentence does not violate *Apprendi*. Moreover, there is no "reasonable probability" that, had the district court made particular findings as to the quantity of cocaine for which

Melgarejo could be sentenced, it would have reached a different result. *See United States v. Waknine*, 543 F.3d 546, 554 (9th Cir. 2008).

2. Melgarejo explicitly agreed, in his plea colloquy, that he "joined the [Colombia Lil' Cycos (CLCS)] organization's racketeering conspiracy by no later than 2002; and in doing so, agreed to advance the interest of the CLCS organization by ensuring the continued operation of its long standing drug trafficking and money laundering operations." This plea establishes, beyond a reasonable doubt, that two of the underlying racketeering acts were drug distribution and money laundering.

3. The district court did not err in applying a 1-level enhancement pursuant to Sentencing Guidelines § 2S1.1(b)(2)(A) for a conviction for money laundering under 18 U.S.C. § 1957. First, the drug distribution guideline was used to determine only the base offense level for the purposes of § 2S1.1(a); therefore the Specific Offense Characteristics of § 2S1.1(b), including the enhancement at issue here, were still applicable. Second, the RICO guideline makes clear that underlying racketeering offenses in RICO cases are to be treated as "convictions" for the purposes of the Guidelines; thus the fact that Melgarejo was not in fact convicted of 18 U.S.C. § 1957 is not relevant to whether the enhancement applies. *See*

U.S.S.G. § 2E1.1 cmt. n.1. Third, Melgarejo pleaded guilty to having "agreed to advance the interest of the CLCS organization by ensuring the continued operation of its long standing . . . money laundering operations," and the government introduced evidence that the amount of money laundered by CLCS was at least $10,000; therefore there is no reasonable probability that, had the district court made explicit findings as to the applicability of § 2S1.1(b)(2)(A), it would have reached a different result. *See Waknine*, 543 F.3d at 554.

4. Melgarejo's sentence is not substantively unreasonable. Contrary to Melgarejo's argument, the district court decided not to apply a 2-level role enhancement under Sentencing Guidelines § 3B1.1. Moreover, "in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Treadwell*, 593 F.3d 990, 1015 (9th Cir. 2010) (quoting *United States v. Carty*, 520 F.3d 984, 994 (9th Cir. 2008)). Melgarejo gives us no reason to find otherwise here.

**AFFIRMED**.